```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

JANICE LYNN CLARK                 :

     Petitioner,                  :
                                            PRISONER
V.                                :  Case No. 3:08-CV-1555 (RNC)

DONNA ZICKEFOOSE,                 :

     Respondent.                  :
```

### RULING AND ORDER

Petitioner, a federal inmate proceeding pro se, brings this action under 28 U.S.C. § 2241 against the Warden of FCI Danbury claiming that she is entitled to early release based on her participation in a drug treatment program. The Warden has moved to dismiss the petition on various grounds, including petitioner's failure to exhaust administrative remedies. Petitioner has not responded to the motion. I agree that the petition must be dismissed due to petitioner's failure to exhaust administrative remedies and therefore do not reach any other issue raised by the petition.

I.  Background

In 2008, petitioner pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to thirty-seven months in prison followed by three years of supervised release. Petitioner is serving her sentence at FCI Danbury. Her projected

1

release date is January 10, 2010.

The Bureau of Prisons ("BOP") provides residential substance abuse treatment to eligible inmates in accordance with 18 U.S.C. § 3621(b) and (e).  An inmate who successfully completes the program may receive early release of up to 12 months pursuant to 18 U.S.C. § 3621(e)(2)(B).  Under BOP regulations, early release is not available to certain categories of inmates, including inmates whose current offense is a felony involving a firearm.  See 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000); BOP Program Statement 5331.01 (Sept. 29, 2003).  In Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court upheld the BOP's authority to categorically deny early release to participants in a drug treatment program whose current offense involves a firearm.[1]

In March 2008, petitioner applied for admission to the

---

[1] Effective March 16, 2009, 28 C.F.R. § 550.58 was superseded by a new Bureau of Prisons rule, which appears at 28 C.F.R. § 550.55.  Section 550.55, which is essentially identical to the former version at § 550.58, states that "[a]s an exercise of the Director's discretion," inmates who have a current felony conviction for "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are not eligible for early release.  28 C.F.R. § 550.55(b)(5)(ii).  The new final rule contains a more detailed rationale for why inmates convicted of carrying, possessing, or using a firearm in connection with a drug trafficking crime are ineligible for early release consideration.  However, the new section 550.55 does not apply to inmates who, like petitioner, are participating in or have completed a Residential Drug Abuse Program ("RDAP") before the effective date of the new rule.  See BOP Program Statement 5331.02 at 5, ¶ 6 (Mar. 16, 2009); see also Ardry v. Berkebile, No. 3-09-cv-0494-N, 2009 WL 1228554, at *1 n.1 (N.D. Tex. May 4, 2009).

2

residential drug abuse treatment program at FCI Danbury.  In connection with the admission process, she was informed that, because she had been convicted of unlawful possession of a firearm, successful completion of the program would not entitle her to early release.  See Resp't Mem. Opp'n Ex. D.  On or about March 12, 2008, petitioner signed a written notice finding her eligible for admission to the program but ineligible for early release due to the nature of her conviction.  See id.; Magnusson Decl., Resp't Mem. Opp'n Ex. A at 7, ¶ 6.

On June 12, 2008, petitioner submitted an administrative remedy request to the Warden at FCI Danbury challenging the determination that she was ineligible for early release.  Under 28 C.F.R. § 542.14(a), such a request must be submitted within twenty calendar days of the underlying event.  Because petitioner's request was submitted approximately ninety days after she was notified of her ineligibility for early release, the request was rejected as untimely.

On June 23, 2008, petitioner filed a timely appeal with the Northeast Regional Director.[2]  The appeal was denied on the ground that petitioner's administrative remedy request had not been submitted to the Warden in a timely manner.  Petitioner was instructed to provide the Warden with a valid reason for the late

---

[2] An appeal to the Regional Director of the BOP may be taken within twenty calendar days of the denial of relief by the Warden.  See 28 C.F.R. § 542.15(a).

3

submission.[3]

On July 16, 2008, petitioner submitted a second administrative remedy request to the Warden.  She stated that her previous request was filed late because she was not notified of the filing deadline.  The Warden declined to accept this as a valid reason for petitioner's failure to file a timely request in the first instance.  On this basis, her second request was denied.

On July 25, 2008, petitioner appealed to the Northeast Regional Director.  The appeal was rejected on the ground that petitioner had failed to provide the Warden with a valid reason for failing to file her initial request in a timely manner.  Petitioner appealed to the General Counsel's Office, as permitted by BOP regulations.[4]  The General Counsel's Office concurred with the decision of the Regional Director.  Petitioner then brought this suit.

II.  Discussion

Federal inmates must exhaust administrative remedies before

---

[3] Under BOP regulations, extensions of time are permitted if the inmate can demonstrate a valid reason for delay, such as an extended period in transit from one facility to another during which the inmate lacked access to documents needed to file an appeal or an extended period of time during which an inmate is physically incapable of preparing an appeal.  See 28 C.F.R. §§ 542.14(b), 542.15(a).

[4] Under 28 C.F.R. 542.15(a), an appeal to the General Counsel's Office may be taken within thirty calendar days of the denial of relief by the Regional Director.

seeking judicial review under 28 U.S.C. § 2241.  See <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 634 (2d Cir. 2001).  The exhaustion requirement's purposes include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." <u>Beharry v. Ashcroft</u>, 329 F.3d 51, 62 (2d Cir. 2003).  Failure to exhaust administrative remedies results in a procedural default, which bars judicial review of a claim unless the inmate persuades the Court that the failure to exhaust should be excused.  See <u>Carmona</u>, 243 F.3d at 634.

In this case, the record establishes that petitioner failed to exhaust administrative remedies as required by law. Respondent has shown - and petitioner has admitted - that petitioner's initial administrative remedy request was filed more than twenty days after she was notified of her ineligibility for early release.  Petitioner's failure to file a timely request with the Warden seeking review of the ineligibility determination constitutes a procedural default.  This procedural default precludes judicial review of her claim unless she is able to show that her failure to file a timely request should be excused.

Petitioner has not made the necessary showing.  As mentioned, she has not responded to the motion to dismiss. Construing her administrative filings in a manner most favorable

to her, it is possible that she did not learn of her right to submit an administrative review request to the Warden until after the twenty day deadline for filing such a request had expired and that once she became aware of her right to file a request she acted reasonably promptly.  Even assuming petitioner could make this showing, it would not provide a legally sufficient basis to excuse her procedural default.  See Nagy v. Clemenz, No. 5:01-CT-7-F, 2002 WL 32514301, at *1 (E.D.N.C. May 30, 2002).  In the absence of any other apparent reason for petitioner's failure to meet the filing deadline, her procedural default cannot be excused.[5]

III.  Conclusion

Accordingly, the petition is hereby denied.  Because reasonable jurists would not find it debatable that petitioner has procedurally defaulted her claim, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[5] Futility can provide a basis for waiving the exhaustion requirement.  See McCarthy v. Madigan, 503 U.S. 140, 148 (1992).  But petitioner has not shown that requiring her to exhaust administrative remedies would be futile and the Court cannot presume that it would be.  See Collins v. Zickefoose, No. 3:08-cv-747, 2008 WL 4980361, at *3 (D. Conn. Nov. 20, 2008)(quoting Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989)("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.  Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim.")).

So ordered this 22nd day of July 2009.


                                            /s/  RNC
                                       Robert N. Chatigny
                                 United States District Judge